```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------X
                                         :
THE NEW YORK CITY DISTRICT COUNCIL OF    :
CARPENTERS PENSION FUND et al.,          :
                     Petitioners,        :    10 Civ. 4691 (DLC)
                                         :
           -v-                           :       MEMORANDUM
                                         :      OPINION & ORDER
I.C.C.M., INC.,                          :
                     Respondent.         :
                                         :
----------------------------------------X
```

DENISE COTE, District Judge:

Petitioners Franck Spencer and Paul O'Brien, as Trustees of the New York District Council of Carpenters Pension Fund and four related funds ("Benefit Funds"), have filed this petition for confirmation of an arbitration award, and for attorney's fees and costs. Respondent I.C.C.M., Inc. ("I.C.C.M.") has not opposed the petition or otherwise appeared in this action. For the following reasons, the petition is granted.

BACKGROUND

The Benefit Funds are employee benefit plans under the Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1001 et seq. The District Council of New York City and Vicinity of the United Brotherhood of Carpenters and Joiners of America (the "Union") and I.C.C.M. are parties to a written collective bargaining agreement (the "CBA"). The CBA provides, inter alia,

that I.C.C.M. must furnish its books and payroll records when requested by the Benefit Funds for the purpose of conducting an audit to ensure compliance with required benefit fund contributions.  The CBA further provides that any disputes concerning the application, interpretation, or breach of any provision of the CBA shall be submitted to final, binding arbitration.

A dispute arose when I.C.C.M. failed to comply with the Benefit Funds' demands that I.C.C.M. furnish its books and records for the purpose of conducting an audit.  On February 3, 2010, in accordance with the CBA, the Benefit Funds filed a Notice of Intention to Arbitrate.  The dispute was submitted to arbitration to Robert Herzog, the duly-designated arbitrator (the "Arbitrator").

A Notice of Hearing dated February 26, 2010 advised I.C.C.M. that an arbitration hearing was scheduled for March 12, 2010.  On March 12, at the place and time designated by the Notice of Hearing, counsel for the Benefit Funds appeared, but no appearance was made on behalf of I.C.C.M.  The arbitration proceeded as a default hearing.  Full opportunity was afforded the parties present to be heard, to offer evidence, and to examine witnesses.

The Arbitrator rendered a written award dated March 22, 2010 (the "Award").  In the Award, the Arbitrator found that

I.C.C.M. had failed to comply with the Agreement as it relates to paying fringe benefit monies and had wrongfully refused to consent to an audit of its books and records.  The Award directed I.C.C.M. to permit and facilitate the Benefit Funds conducting an audit of I.C.C.M.'s books and records for the period of September 24, 2007 through January 27, 2010 to determine whether I.C.C.M. is in compliance with its obligations to contribute to the Benefit Funds.  The Award also required I.C.C.M. to pay the Benefit Funds a sum of $2,350.00, representing the court costs, attorney's fees, and arbitrator's fee incurred in connection with the arbitration, with interest to accrue at the rate of 5.25% from the date of the Award.  A copy of the Award was provided to I.C.C.M., but I.C.C.M. has failed and refused to comply with the Award.

On June 16, 2010, the Benefit Funds filed this petition to confirm the Award, and also requested costs and legal fees incurred in bringing this confirmation proceeding.  I.C.C.M. did not file any opposition and has not appeared in this action.

## DISCUSSION

"[D]efault judgments in confirmation/vacatur proceedings are generally inappropriate."  D.H. Blair & Co., Inc. v. Gottdiener, 462 F.3d 95, 109 (2d Cir. 2006).  Instead, a petition to confirm should be "treated as akin to a motion for

summary judgment based on the movant's submissions," and where the non-movant has failed to respond, the court "may not grant the motion without first examining the moving party's submission to determine if it has met its burden of demonstrating that no material issue of fact remains for trial." Id. at 109-10 (citation omitted).

Summary judgment may not be granted unless all of the submissions taken together "show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). The moving party bears the burden of demonstrating "the absence of a genuine issue of material fact." Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). In making this determination, the court must "construe all evidence in the light most favorable to the nonmoving party, drawing all inferences and resolving all ambiguities in its favor." Dickerson v. Napolitano, 604 F.3d 732, 740 (2d Cir. 2010). Once the moving party has asserted facts showing that the non-movant's claims cannot be sustained, the opposing party must "set out specific facts showing a genuine issue for trial," and cannot "rely merely on allegations or denials" contained in the pleadings. Fed. R. Civ. P. 56(e); see also Wright v. Goord, 554 F.3d 255, 266 (2d Cir. 2009). "A party may not rely on mere speculation or conjecture as to the true nature of the facts to overcome a motion for summary

judgment," as "[m]ere conclusory allegations or denials cannot by themselves create a genuine issue of material fact where none would otherwise exist." Hicks v. Baines, 593 F.3d 159, 166 (2d Cir. 2010) (citation omitted).  Only disputes over material facts -- "facts that might affect the outcome of the suit under the governing law" -- will properly preclude the entry of summary judgment.  Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986); see also Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986).

"Normally, confirmation of an arbitration award is a summary proceeding that merely makes what is already a final arbitration award a judgment of the court, and the court must grant the award unless the award is vacated, modified, or corrected." D.H. Blair & Co., 462 F.3d at 110 (citation omitted).  A court's review of an arbitration award is "severely limited" so as not unduly to frustrate the goals of arbitration, namely to settle disputes efficiently and avoid long and expensive litigation.  Willemijn Houdstermaatschappij, BV v. Standard Microsystems Corp., 103 F.3d 9, 12 (2d Cir. 1997) (citation omitted).

"The showing required to avoid summary confirmation of an arbitration award is high," id., and a party moving to vacate an award bears "the heavy burden of showing that the award falls within a very narrow set of circumstances delineated by statute

5

and case law." Duferco Int'l Steel Trading v. T. Klaveness Shipping A/S, 333 F.3d 383, 388 (2d Cir. 2003). Thus, a party seeking vacatur of an arbitrator's decision "must clear a high hurdle." Stolt-Nielson S.A. v. AnimalFeeds Int'l Corp., 130 S. Ct. 1758, 1767 (2010). "The arbitrator's rationale for an award need not be explained, and the award should be confirmed if a ground for the arbitrator's decision can be inferred from the facts of the case. Only a barely colorable justification for the outcome reached by the arbitrators is necessary to confirm the award." D.H. Blair & Co., 462 F.3d at 110 (citation omitted).

Petitioners have sufficiently supported their petition and demonstrated that there is no question of material fact. I.C.C.M. has not submitted any opposition or appeared in this action. Therefore, the petition to confirm the Award is granted. Because a portion of the Award is for a sum certain, no further inquiry is required. A judgment in the amount of $2,350 for costs incurred in the Arbitration, along with interest, is appropriate. Moreover, pursuant to the Award, I.C.C.M. and its officers are ordered to produce any and all books and records necessary to conduct an audit for the period of September 24, 2007 through January 27, 2010.

Petitioners also seek attorney's fees for the confirmation proceeding. They do not point to any statutory or contractual

6

authority for such legal fees, instead relying on the Court's inherent equitable powers.[1]  Furthermore, petitioners have not provided any evidence of the amount of attorney's fees and costs that they incurred for the confirmation proceeding.

> Pursuant to its inherent equitable powers, . . . a court may award attorney's fees when the opposing counsel acts in bad faith, vexatiously, wantonly, or for oppressive reasons.  As applied to suits for the confirmation and enforcement of arbitration awards, . . . when a challenger refuses to abide by an arbitrator's decision without justification, attorney's fees and costs may properly be awarded.

Int'l Chem. Workers Union (AFL-CIO), Local No. 227 v. BASF Wyandotte Corp., 774 F.2d 43, 47 (2d Cir. 1985) (citation omitted).  Here, I.C.C.M. has presented no justification or reason for its failure to abide by the arbitrator's decision.  Accordingly, an award of reasonable attorney's fees and costs for the confirmation proceeding is appropriate in an amount to be determined after additional briefing.

CONCLUSION

The petition to confirm the March 22, 2010 Award is granted.  The petitioners shall file and serve by October 1, 2010, any request for reasonable attorney's fees and costs with

---

[1] The CBA provides:  "Upon the confirmation of the arbitrator's award, the prevailing party shall . . . be entitled to receive all court costs in each proceeding as well as reasonable counsel fees."  The Petitioners have not chosen to rely on this provision in seeking attorney's fees for the confirmation proceeding.

appropriate documentary support, along with a proposed final judgment.

SO ORDERED:

Dated:    New York, New York
          September 17, 2010

                                              DENISE COTE
                            United States District Judge